IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION NO. 4:11CR182 |
| SAVANNAH DAWN ROBERSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 4, 2017, to determine whether Defendant violated her supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Maureen Smith.

Savannah Roberson was sentenced on September 12, 2012, before the Honorable Michael H. Schneider of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of not less than 5 years or more than 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. Savannah Roberson was subsequently sentenced to 70 months imprisonment ordered to run concurrently to sentences imposed in Lamar County, Texas, Cause Nos. 58171, 24340, and 24493; followed by a five (5) year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, obtaining a GED certificate, and $100 special assessment. On October 5, 2015, Savannah Roberson completed her period of imprisonment and began service of the

supervision term. On October 6, 2015, this case was reassigned to Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas.

On April 25, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 254 Sealed]. The Petition asserted that Defendant violated eleven (11) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not commit another federal, state, or local crime; (5) Defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer; (6) Defendant shall refrain from any unlawful use of a controlled substance; (7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (8) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (9) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer; (10) Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider; and (11) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) On December 29, 2016, Ms. Roberson was arrested by the Paris, Texas, Police Department for Theft, under $50, in violation of Texas Penal Code Sec. 31.03(e)(1), and Possession of a Controlled Substance in Penalty Group 2-A (Synthetic Marijuana or K2), two ounces or less, in violation of Texas Health and Safety Code Sec. 481.1161(b)(1). Police reports indicate the Defendant was initially detained for shoplifting at a Family Dollar, located at 1505 Clarksville Street, Paris, Texas. The stolen items, totaling $12.85, were located inside Ms. Roberson's purse and identified as various candies, Campbell's Spaghettios, and dog flea/tick medication. Further inspection of her purse also yielded a small plastic baggy containing synthetic marijuana. According to Police Patrol Division Captain Joseph Nelms, Ms. Roberson verbally admitted to possessing the synthetic marijuana when questioned at the Family Dollar store. Ms. Roberson posted a $1,000 bond through Barham Bail Bonds and was released from the jail. According to the Lamar County Attorney's Office, the theft will likely be filed in municipal court and the Class B misdemeanor drug offense was accepted under Cause No. 64908. As of this writing, both cases remain pending; (4) On March 18, 2017, Ms. Roberson was arrested by the Paris, Texas, Police Department for Failure to Identify, in violation of Texas Penal Code Sec. 38.02(d)(2). Police records indicate a traffic stop was initiated when the Defendant failed to make a complete stop at a designated street sign. When questioned by the officer, the Defendant first identified herself as "Kristie Brodie." When it was determined Ms. Brodie had an outstanding warrant, the Defendant then claimed her name was "Angelica Abrra." However, a federal inmate photo identification card was observed and the officer was able to determine Ms. Roberson's true identity. According to the Lamar County Clerk's Office, the case has been filed under Cause No.65195 and remains pending as of this writing; (5) Ms. Roberson has failed to notify the probation officer of her arrest on March 18, 2017;

REPORT AND RECOMMENDATION – Page 3

(6) On September 13, 2016, Ms. Roberson submitted a urine specimen which tested positive for methamphetamine. Defendant signed a written admission form confirming said use; (7) On September 21, 2016, Ms. Roberson submitted a urine specimen, which tested positive for methamphetamine. Defendant signed a written admission form confirming said use. On February 8, 2017, Ms. Roberson submitted a urine specimen, which tested positive for methamphetamine and synthetic marijuana. Defendant signed a written admission form confirming said use; (8) During the course of supervision, the United States Probation Officer instructed the Defendant to begin attending three substance abuse group support meetings on June 15, 2016. On September 13, 2016, Ms. Roberson provided the probation officer with a signed Narcotics Anonymous (NA) attendance sheet indicating multiple meetings from July to September 2016. Above the signature line, the form reads, "I certify that all information furnished is complete and correct." The United States Probation Officer also asked her directly if the document was correct and she stated it was. However, two of the dates indicated on the form were future dates, specifically September 19 and 26, 2016. When confronted, Ms. Roberson eventually admitted lying to the probation officer and forging the document. Defendant claimed she wanted to make it appear that she was attending the meetings as directed, when in fact she was not; (9) On June 15, 2016, Ms. Roberson was referred to Fletcher Counseling, Inc., a contract provider in Plano, Texas, for substance abuse treatment. An evaluation was completed July 14, 2016 and biweekly individual counseling services were recommended. Defendant was unsuccessfully discharged from treatment on March 2, 2017 due to poor attendance and noncompliance with therapy guidelines. On February 8, 2017, Ms. Roberson was referred to Lakes Behavioral Health, a non-contract provider in Paris, Texas, for intensive outpatient substance abuse treatment. She began the 90 day program on February 13, 2017. However, she failed to attend treatment as directed on February 22 and 27; and March 1 and 6,

2017. She was unsuccessfully discharged from the program on March 13, 2017. Records indicate the Defendant voluntarily left treatment against professional advice; (10) a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was granted on November 2, 2016, as a result of Ms. Roberson's self-reported anxiety and depression. The conditions were amended to include mental health services and the Defendant was referred to Lakes Regional MHMR, a non-contract provider in Paris, Texas. She began receiving pharmaceutical assistance and attended an initial appointment on January 3, 2017. However, she was unsuccessfully discharged by the provider after failing to attend counseling as directed on February 3, February 27, and March 9, 2017; and (11) Ms. Roberson failed to submit a written report as directed during the months of March and April 2017.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the allegations one (1) through eleven (11) of the Petition. Having considered the Petition and the plea of true to allegations one (1) through eleven (11), the Court finds that Defendant did violate her conditions of supervised release by committing another federal, state or local crime and illegally possessed a controlled substance. Defendant waived her right to allocate before the District Judge and her right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Women's facility at Carswell or Tallahassee Florida, if appropriate.

**SIGNED this 4th day of May, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE